UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| RHODA ORTEGA § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. V-04-85 |
| § | |
| INDUSTRIAL SECURITY SERVICES, § | |
| CORPORATION § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendant's Motion for Partial Summary Judgment (Dkt. #19). The Court, having considered the motion, Plaintiff's response, and the applicable law, is of the opinion that the motion for partial summary judgment should be DENIED.

### Factual and Procedural Background

Plaintiff Rhoda Ortega ("Plaintiff") was a security guard employed by Defendant Industrial Security Services Corporation ("Defendant") and assigned to work at BP Chemical in Green Lake from October 1, 2001 until October 15, 2003. Plaintiff claims that during her employment she was sexually harassed and subjected to a sexually hostile work environment by her immediate supervisor, Marvin Fox. On or about August 12, 2003, Plaintiff filed a sexual harassment complaint with BP Chemical's Green Lake facility's human resources department. Defendant's account executive, Angela Young, was notified of Plaintiff's complaint by BP Chemical. Plaintiff was subsequently discharged by Defendant on October 15, 2003.

Plaintiff filed suit against Defendant on September 22, 2004, alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and § 21.051 of the Texas Commission on Human Rights Act. Defendant filed the present motion for partial summary

judgment arguing that discovery has concluded and no evidence supports Plaintiff's retaliation claim under Title VII.

## Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by

presenting only "conclusory allegations," or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## Title VII Retaliation Standard

In order to make out a prima facie case for retaliation under Title VII, the Plaintiff must establish: "(1) the employee has engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 878 (5th Cir. 1999). The causal link required by the third prong of the prima facie case does not rise to the level of a "but for" standard. The plaintiff "need not prove that her protected activity was the sole factor motivating the employer's challenged decision in order to establish the 'causal link' element of a prima facie case." *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n. 4 (5th Cir. 1996) (citation omitted). For purposes of surviving a motion for summary judgment, it is enough that the Plaintiff offer circumstantial evidence that could allow a jury to reasonably conclude that the final decision-maker responsible for the adverse employment action taken against the Plaintiff was at least in part motivated by Plaintiff's protected activity. *See Rachid v. Jack-in-the-Box, Inc.*, 376 F.3d 305, 311 (5th Cir. 2004).

## Analysis

Defendant does not dispute that Plaintiff has established the first two elements of her prima facie case. Plaintiff engaged in protected activity when she filed a sexual harassment complaint with BP Chemical's human resources department in August, 2003. An adverse employment action was

taken against Plaintiff when she was fired from her position on October 15, 2003. However, Defendant disputes that there was any causal nexus between the Plaintiff's protected activity and the termination of her employment. Specifically, Defendant contends that there is no evidence that Erin Coll, the decision maker who terminated Plaintiff, was aware of Plaintiff's sexual harassment complaints at the time that she made the decision to terminate Plaintiff. Conversely, Plaintiff argues that Joe Johnson recommended to Erin Coll that Plaintiff be fired and that Joe Johnson was aware of Plaintiff's sexual harassment complaint at the time he made that recommendation. "A causal link can be established by evidence that the ultimate decision maker, with final authority to hire and fire subordinate employees, merely 'rubber stamped' a recommendation to terminate made by an employee with knowledge of the complaint." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). Plaintiff offers a deposition of Erin Coll in which she concedes that Joe Johnson played a roll in the decision to terminate the Plaintiff.[1] Plaintiff also offers the deposition testimony of Angela Young, which suggests that she may have informed Joe Johnson about Plaintiff's sexual harassment complaint before Plaintiff was terminated.[2] Defendant offers the contrary deposition testimony of Joe Johnson in which he states that he only became aware of Plaintiff's sexual harassment complaint after he read her Charge of Discrimination filed with the EEOC on April 8, 2004.[3] Evidently, an issue of material fact remains as to whether the final decision makers involved in the decision to terminate Plaintiff were aware of her sexual harassment

---

[1] Dkt. #20, Exhibit 4, p. 22: "*we* made the decision to terminate her . . . ." (emphasis added).

[2] Dkt. #20, Exhibit 2, pp.9-11.

[3] Dkt. #19, Exhibit A, pp.15 and 17.

complaint before she was terminated.[4]  Therefore, summary judgment is not appropriate as to Plaintiff's retaliation claim.

## Conclusion

For the reasons set forth above, the Court is of the opinion that Defendant's Motion for Partial Summary Judgment (Dkt. #19) should be DENIED.

It is so ORDERED.

Signed this 8th day of November, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that the close temporal proximity between Plaintiff's sexual harassment complaint and her termination is sufficient to satisfy the causal nexus requirement of Plaintiff's prima facie case for summary judgment purposes. *See Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001).  The Fifth Circuit has noted, "[c]lose timing between an employee's protected activity and an adverse action against [her] may provide the 'causal connection' required to make out a prima facie case of retaliation." *Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir.1997) (citing *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir.1993)).  The factual issues raised by the contradictory deposition testimony of Joe Johnson, Angela Young, and Erin Coll are sufficient, for summary judgment purposes, to rebut Defendant's proffered legitimate business reason for terminating Plaintiff.